UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORIS EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:16-CV-1318 (CEJ) |
| ) | |
| TEXAS ROADHOUSE HOLDINGS, L.L.C., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Texas Roadhouse Holdings, L.L.C., to dismiss the complaint. The plaintiff has not responded, and the time allowed for doing so has expired.

### I. **Background**

In the complaint, plaintiff Doris Evans alleges that on July 12, 2011, she was a patron at a Texas Roadhouse restaurant owned by defendant in St. Charles County, Missouri. [Doc #1-1 at 2]. As she exited the restaurant, plaintiff's foot got caught on a floor mat or rug located near the entrance, causing her to fall. [Doc #1-1 at 2]. According to the complaint, the mat or rug was "dangerous" either because of its height, its style, its lack of flat/beveled edges, it did not lie flat on the floor, or it was not properly illuminated. Plaintiff alleges that she sustained a spinal fracture and a leg fracture which required surgery. Plaintiff alleges that her injuries are disabling and that she continues to experience pain. She asserts claims against the defendant based on theories of premises liability (Count I), res ipsa loquitor (Count II), negligent supervision (Count III), and respondeat superior (Count IV). Plaintiff seeks an award of actual damages and attorneys' fees.

## II. Discussion

The defendant does not cite any legal basis for its motion to dismiss. Thus, it is unclear whether the defendant seeks dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), judgment on the pleadings under Fed. R. Civ. P. 12(c), or summary judgment under Fed. R. Civ. P. 56. For the reasons set forth below, the defendant's motion fails under either standard.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

When considering a motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P., the Court must accept as true all factual allegations set out in the complaint and construe the complaint in the light most favorable to the plaintiff, drawing all inferences in her favor. Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law," the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6). Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (citing Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990)).

Under Rule 56, summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The sole argument presented in the defendant's motion is that, "[b]ased on information and belief," plaintiff was not a patron at its restaurant as she claims. According to the allegations of the complaint, which the Court must accept as true for purposes of Rule 12(b)(6) and Rule 12(c), plaintiff was a patron at the

3

restaurant when she fell and sustained injuries and the rug on which she tripped presented a dangerous condition. The defendant has not submitted any affidavits, deposition testimony, or other materials contradicting the plaintiff's allegations. As such, there remains a material factual dispute that cannot be resolved on the basis of the present record. Defendant has not shown that it is entitled to summary judgment.

\* \* \* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Texas Roadhouse L.L.C., to dismiss [Doc. #3] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2016.